**UNITED STATES of America, Plaintiff,**

v.

**Karl Neil Raymond MEDAS, Defendant.**

**No. 03CR1048.**

United States District Court, E.D. New York.

July 1, 2004.

Robert M. Radick, U.S. Attorney's Office, Brooklyn, NY, for Plaintiff.

GLASSER, District Judge.

The Honorable Paul G. Cassell, United States District Judge for the U.S. Court for the District of Utah Central Division, authored a Memorandum Opinion and Order Finding Application of the Federal Sentencing Guidelines Unconstitutional. That opinion spread over 39 pages of meticulous analysis of *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), persuasively concludes that the Federal Sentencing Guidelines are unconstitutional. This Court is driven to arrive at the same conclusion for the reasons stated by Judge Cassell in a language that is eloquent in its simplicity and clarity.

The case before him, *United States of America v. Brent Croxford*, Case No 2:02–CR–00302 (PGC), decided June 29, 2004, just five days after the Supreme Court decided *Blakely*, charged the defendant in a two count indictment with sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a), Count One, and with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), Count Two. Shortly before trial, the defendant absconded and a warrant was issued for his arrest. He was found one week later in Knoxville, Tennessee after an apparent suicide attempt. After being returned to

Utah, a psychological and psychiatric examination was ordered. The report The report of those examinations found that he was competent to stand trial.

A plea agreement was then reached with the government. The defendant pleading guilty to Count One, with Count Two to be dismissed. A Guideline sentence of 121–151 months was anticipated by that agreement.

The final presentence report subsequently prepared added an obstruction of justice enhancement based upon his pretrial flight; because the victim was under the age of twelve, the base offense level was increased by four; because the defendant was the parent of the child victim, two levels were added; two more levels were added for the pre-flight obstruction of justice. The defendant photographed another young victim under the age of twelve, and four levels were added for relevant conduct and by two more because the defendant was that victim's foster parent. Those calculations produced a Guideline range of 151–188 months. Those enhancements, not based on the facts reflected in the jury verdict or admitted by the defendant, led the court to the inescapable conclusion required by *Blakely* that they violated his right to a trial by jury as guaranteed by the Sixth Amendment.

The procedural and factual posture of the case before this Court is significantly different and raises issues which, given the immediacy with which they must be addressed, are more challenging. The defendant was charged in a six count indictment with Conspiracy to import 500 grams or more of cocaine in violation of 21 U.S.C. § 963 (Count I); importing 500 grams or more of cocaine, in violation of 21 U.S.C. § 960(a)(1) (Count II); conspiring to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (Count III); possessing with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count IV); an alien being found in the United States without the express consent of the Attorney General after being deported following the commission of an aggravated felony, in violation of 8 U.S.C. § 1326 (Count V); and making a materially false statement in a matter within the jurisdiction of the executive branch of government, in violation of 18 U.S.C. § 1001 (Count VI).

At the end of the trial, the jury was given the traditional instructions to which no exception was taken. On the drug counts, one of the elements in each, the jury was instructed to determine whether the government proved beyond a reasonable doubt that 500 grams or more of cocaine was inherent in the offense. After the jury retired to deliberate, a verdict, sheet simply directing the jury to indicate whether they found the defendant guilty or not guilty on each of the six counts was presented to counsel for their approval which was given. The verdict sheet was marked as a court exhibit and provided to the jury. Immediately after the jury retired to deliberate the government submitted a 20 page Supplemental Verdict Sheet with a request that it, too, be provided to the jury. That Supplemental Verdict Sheet, the government urged, was the legitimate offspring of *Blakely* and is here displayed.

DRA:RNR

F. # 20 03R020 94

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

against

KARL NEIL RAYMOND MEDAS,

Defendant.

03 CR 1048 (ERIC)

SUPPLEMENTAL VERDICT SHEET

## AS TO COUNT ONE

(Conspiracy To Import Cocaine)

Only if you have found the defendant guilty of Count One, please answer the following questions:

A.  Do you find that the government proved, beyond a reasonable doubt, that the defendant was an organizer or leader of the conspiracy to import charged in Count One of the indictment and that the conspiracy to import charged in Count One of the indictment involved five or more participants or was otherwise extensive?

    Yes

    No

B.  *ANSWER ONLY IF" ANSWER TO A IS NO:*

    If your answer to question A is no, do you find that the government proved, beyond a reasonable doubt, that the defendant was a manager or supervisor (but not an organizer or leader) of the conspiracy to import charged in Count One of the indictment and that the conspiracy to import charged in Count One of the indictment involved five or more participants or was otherwise extensive?

    Yes

    No

C.  *ANSWER ONLY IF ANSWER TO A AND B ARE NO:*

    If your answer to questions A and B are no, do you find that the government proved, beyond a reasonable doubt, that the defendant was an organizer, leader, manager, or supervisor of the conspiracy to import charged in Count One of the indictment and that the conspiracy involved fewer than S participants?

    Yes

    No

D.  *ANSWER REGARDLESS OF YOUR ANSWERS TO A, B AND C*

    Do you find that the government proved, beyond a reasonable doubt, that the defendant obstructed or impeded the administration of justice during the course of the investigation or prosecution of the conspiracy to import cocaine charged in Count One?

    Yes

    No

E.  *ANSWER ONLY IF ANSWER TO D IS YES:*

    Do you find that the government proved, beyond a reasonable doubt, that the defendant's obstructive conduct related (i) to the conspiracy to import cocaine charged in Count One of the indictment, or (ii) to a closely related offense?

    Yes

    No

F.  *ANSWER REGARDLESS OF ANSWERS TO A, B, C, D or E*

    Do you find that the government proved, beyond a reasonable doubt, that the defendant engaged in narcotics-related offenses as part of the same course of conduct as the conspiracy to import charged in Count One of the indictment?

    Yes

    No

G.  *ANSWER ONLY IF ANSWER TO F IS YES:*

    Which of the following substances, if any, do you find that the government

proved, beyond a reasonable doubt, were the subject of narcotics-related offenses engaged in by the defendant as part of the same course of conduct as the conspiracy to import charged in Count One of the indictment?

____Cocaine

____Marijuana

## H. ANSWER ONLY IF RESPONSE TO G INCLUDES COCAINE

Which of the following quantities, if any, do you find that the government proved, beyond a reasonable doubt, were the subject of narcotics-related offenses engaged in by the defendant as part of the same course of conduct as the conspiracy to import charged in Count One of the~indictment?

150 kilograms or more of cocaine

— at least 50 kilograms but less than 150 kilograms of cocaine

— at least 15 kilogram but less than 50 kilograms of cocaine

— at least 5 kilograms but less than 15 kilograms of cocaine

— at least 3.5 kilograms but less than 5 kilograms of cocaine

at least 2 kilograms but less than 3.5 kilograms of cocaine

at least 500 grams but less than 2 kilograms of cocaine

— at least 400 grams but less than 500 grams of cocaine

— at least 300 grams but less than 400 grams of cocaine

at least 200 grams but less than 300 grams of cocaine

at least 100 grams but less than 200 grams of cocaine

at least 50 grams but less than 100 grams of cocaine

at least 25 grams but less than 50 grams of cocaine

less than 25 grams of cocaine

## I. ANSWER ONLY IF RESPONSE TO G INCLUDES MARIJUANA

Which of the following quantities, if any, do you find that the government proved, beyond a reasonable doubt, were the subject of narcotics-related offenses engaged in by the defendant as part of the same course of conduct as the conspiracy to import charged in Count One of the indictment? (NOTE: 1 kilogram equals approximately 2.2 pounds.)

at least 100 kilograms but less than 400 kilograms of marijuana

— at least 80 kilograms but less than 100 kilograms of marijuana

— at least 60 kilograms but less than 80 kilograms of marijuana

— at least 40 kilograms but less than 60 kilograms of marijuana

— at least 20 kilograms but less than 40 kilograms of marijuana

at least 10 kilograms but less than 20 kilograms of marijuana

— at least 5 kilograms but less than 10 kilograms of marijuana

— at least 2.5 kilograms but less than 5 kilograms of marijuana

— at least 1 kilogram but less than 2.5 kilograms of marijuana

— at least 250 grams but less than 1 kilogram of marijuana

— at least 250 grams of marijuana

### AS TO COUNT TWO

(Aiding and Abetting the Importation of Cocaine)

Only if you have found the defendant guilty of Count Two, please answer the following questions:

A. Do you find that the government proved, beyond a reasonable doubt, that the defendant was an organizer

or leader in the importation charged in Count Two of the indictment and that the importation charged in Count Two of the indictment involved five or more participants or was otherwise extensive?

Yes

No

B. *ANSWER ONLY IF ANSWER TO A IS NO:*

If your answer to question A is no, do you find that the government proved, beyond a reasonable doubt, that the defendant was a manager or supervisor (but not an organizer or leader) of the importation charged in Count Two of the indictment and that the importation charged in Count Two of the indictment involved five or more participants or was otherwise extensive?

Yes

No

C. *ANSWER ONLY IF ANSWER TO A AND B ARE NO:*

If your answer to questions A and B are no, do you find that the government proved, beyond a reasonable doubt, that the defendant was an organizer, leader, manager, or supervisor of the importation charged in Count Two of the indictment and that the importation involved fewer than 5 participants?

Yes

No

D. *ANSWER REGARDLESS OF YOUR ANSWERS TO A, B AND C*

Do you find that the government proved, beyond a reasonable doubt, that the defendant obstructed or impeded the administration of justice during the course of the investigation or prosecution of the importation charged in Count One?

Yes

No

E. *ANSWER ONLY IF ANSWER TO D IS YES:*

Do you find that the government proved, beyond a reasonable doubt, that the defendant's obstructive conduct related (i) to the importation charged in Count Two of the indictment, or (ii) to a closely related offense?

Yes

No

F. *ANSWER REGARDLESS OF ANSWERS TO A, B, C, D or E*

Do you find that the government proved, beyond a reasonable doubt, that the defendant engaged in narcotics-related offenses as part of the same course of conduct as the importation charged in Count Two of the indictment?

Yes

No

G. *ANSWER ONLY IF ANSWER TO F IS YES:*

Which of the following substances, if any, do you find that the government proved, beyond a reasonable doubt, were the subject of narcotics-related offenses engaged in by the defendant as part of the same course of conduct as the importation charged in Count Two of the indictment?

_____Cocaine

_____Marijuana

H. *ANSWER ONLY IF RESPONSE TO G INCLUDES COCAINE:*

Which of the following quantities, if any, do you find that the government proved, beyond a reasonable doubt, were the subject of narcotics-related offenses en-

gaged in by the defendant as part of the same course of conduct as the importation charged in Count Two of the indictment?

— 150 kilograms or more of cocaine

— at least 50 kilograms but less than 150 kilograms of cocaine

— at least 15 kilogram but less than 50 kilograms of cocaine

— at least 5 kilograms but less than 15 kilograms of cocaine

at least 3.5 kilograms but less than 5 kilograms of cocaine

— at least 2 kilograms but less than 3.5 kilograms of cocaine

at least 500 grams but less than 2 kilograms of cocaine

at least 400 grams but less than 500 grams of cocaine

at least 300 grams but less than 400 grams of cocaine

at least 200 grams but less than 300 grams of cocaine

at least 100 grams but less than 200 grams of cocaine

at least 50 grams but less than 100 grams of cocaine

at least 25 grams but less than 50 grams of cocaine

less than 25 grams of cocaine

I. *ANSWER ONLY IF RESPONSE TO G INCLUDES MARIJUANA*

Which of the following quantities, if any, do you find that the government proved, beyond a reasonable doubt, were the subject of narcotics-related offenses engaged in by the defendant as part of the same course of conduct as the importation charged in Count One of the indictment? (NOTE: 1 kilogram equals approximately 2.2 pounds.)

at least 100 kilograms but less than 400 kilograms of marijuana

at least 80 kilograms but less than 100 kilograms of marijuana

at least 60 kilograms but less than 80 kilograms of marijuana

at least 40 kilograms but less than 60 kilograms of marijuana

at least 20 kilograms but less than 40 kilograms of marijuana

at least 10 kilograms but less than 20 kilograms of marijuana

at least 5 kilograms but less than 10 kilograms of marijuana

at least 2.5 kilograms but less than 5 kilograms of marijuana

at least 1 kilogram but less than 2.5 kilograms of marijuana

at least 250 grams but less than 1 kilogram of marijuana

at least 250 grams of marijuana

## AS TO COUNT THREE

(Conspiracy to Possess Cocaine with Intent To Distribute)

Only if you have found the defendant guilty of Count Three, please answer the following questions:

A. Do you find that the government proved, beyond a reasonable doubt, that the defendant was an organizer or leader of the conspiracy to possess with intent to distribute charged in Count Three of the indictment and that the conspiracy to possess with intent to distribute charged in Count Three of the indictment involved five or more participants or was otherwise extensive?

Yes

No

B. *ANSWER ONLY IF ANSWER TO A IS NO:*

If your answer to question A is no, do you find that the government proved,

beyond a reasonable doubt, that the defendant was a manager or supervisor (but not an organizer or leader) of the conspiracy to possess with intent to distribute charged in Count Three of the indictment and that the conspiracy to possess with intent to distribute charged in Count Three of the indictment involved five or more participants or was otherwise extensive?

Yes

No

C. *ANSWER ONLY IF ANSWER TO A AND B ARE NO:*

If your answer to questions A and B are no, do you find that the government proved, beyond a reasonable doubt, that the defendant was an organizer, leader, manager, or supervisor of the conspiracy to possess with intent to distribute charged in Count Three of the indictment and that the conspiracy involved fewer than 5 participants?

Yes

No

D. *ANSWER REGARDLESS OF YOUR ANSWERS TO A, B AND C*

Do you find that the government proved, beyond a reasonable doubt, that the defendant obstructed or impeded the administration of justice during the course of the investigation or prosecution of the conspiracy to possess cocaine with intent to distribute charged in Count Three?

Yes

No

E. *ANSWER ONLY IF ANSWER TO D IS YES:*

Do you find that the government proved, beyond a reasonable doubt, that the defendant's obstructive conduct related (i) to the conspiracy to import cocaine charged in Count Three, or (ii) to a closely related offense?

Yes

No

F. *ANSWER REGARDLESS OF ANSWERS TO A, B, C, D or E:*

Do you find that the government proved, beyond a reasonable doubt, that the defendant engaged in narcotics-related offenses as part of the same course of conduct as the conspiracy to possess with intent to distribute charged in Count Three of the indictment?

Yes

No

G. *ANSWER ONLY IF ANSWER TO F IS YES:*

Which of the following substances, if any, do you find that the government proved, beyond a reasonable doubt, were the subject of narcotics-related offenses engaged in by the defendant as part of the same course of conduct as the conspiracy to possess with intent to distribute charged in Count Three of the indictment?

Cocaine

Marijuana

H. *ANSWER ONLY IF RESPONSE TO o INCLUDES COCAINE*

Which of the following quantities, if any, do you find that the government proved, beyond a reasonable doubt, were the subject of narcotics-related offenses engaged in by the defendant as part of the same course of conduct as the conspiracy to possess with intent to distribute charged in Count Three of the indictment?

150 kilograms or more of cocaine

at least 50 kilograms but less than 150 kilograms of cocaine

at least 15 kilogram but less than 50 kilograms of cocaine

at least 5 kilograms but less than 15 kilograms of cocaine

at least 3.5 kilograms but less than 5 kilograms of cocaine

at least 2 kilograms but less than 3.5 kilograms of cocaine

at least 500 grams but less than 2 kilograms of cocaine

at least 400 grams but less than 500 grams of cocaine

at least 300 grams but less than 400 grams of cocaine

at least 200 grams but less than 300 grams of cocaine

at least 100 grams but less than 200 grams of cocaine

at least 50 grams but less than 100 grams of cocaine

at least 25 grams but less than 50 grams of cocaine

less than 25 grams of cocaine

I. *ANSWER ONLY IF RESPONSE TO G INCLUDES MARIJUANA*

Which of the following quantities, if any, do you find that the government proved, beyond a reasonable doubt, were the subject of narcotics-related offenses engaged in by the defendant as part of the same course of conduct as the possession with intent to distribute charged in Count Three of the indictment? (NOTE: 1 kilogram equals approximately 2.2 pounds.)

at least 100 kilograms but less than 400 kilograms of marijuana

at least 80 kilograms but less than 100 kilograms of marijuana

at least 60 kilograms but less than 80 kilograms of marijuana

at least 40 kilograms but less than 60 kilograms of marijuana

at least 20 kilograms but less than 40 kilograms of marijuana

at least 10 kilograms but less than 20 kilograms of marijuana

at least 5 kilograms but less than 10 kilograms of marijuana

at least 2.5 kilograms but less than 5 kilograms of marijuana

at least 1 kilogram but less than 2.5 kilograms of marijuana

at least 250 grams but less than 1 kilogram of marijuana

at least 250 grams of marijuana

## AS TO COUNT FOUR

(Aiding and Abetting the Possession of Cocaine with Intent To Distribute)

Only if you have found the defendant guilty of Count Four, please answer the following questions:

A. Do you find that the government proved, beyond a reasonable doubt, that the defendant was an organizer or leader of the possession of cocaine with intent to distribute charged in Count Four of the indictment and that the possession with intent to distribute charged in Count Four of the indictment involved five or more participants or was otherwise extensive?

Yes

No

B. *ANSWER ONLY IF ANSWER TO A IS NO:*

If your answer to question A is no, do you find that the government proved, beyond a reasonable doubt, that the defendant was a manager or supervisor (but not an organizer or leader) of the possession with intent to distribute

charged in Count Four of the indictment and that the possession with intent to distribute charged in Count Four of the indictment involved five or more participants or was otherwise extensive?

Yes

No

C.  *ANSWER ONLY IF ANSWER TO A AND B ARE NO:*

If your answer to questions A and B are no, do you find that the government proved, beyond a reasonable doubt, that the defendant was an organizer, leader, manager, or supervisor of the possession with intent to distribute charged in Count Four of the indictment and that the conspiracy involved fewer than 5 participants?

Yes

No

D.  *ANSWER REGARDLESS OF YOUR ANSWERS TO A, B AND C:*

Do you find that the government proved, beyond a reasonable doubt, that the defendant obstructed or impeded the administration of justice during the course of the investigation or prosecution of the aiding and abetting of the possession of cocaine with intent to distribute charged in Count Four?

Yes

No

E.  *ANSWER ONLY IF ANSWER TO D IS YES:*

Do you find that the government proved, beyond a reasonable doubt, that the defendant's obstructive conduct related (i) to the aiding and abetting of the prosecution of the possession of cocaine with intent to distribute charged in Count Four, or (ii) to a closely related offense?

Yes

No

F.  *ANSWER REGARDLESS OF ANSWERS TO A, B, C, D or E:*

Do you find that the government proved, beyond a reasonable doubt, that the defendant engaged in narcotics-related offenses as part of the same course of conduct as the possession with intent to distribute charged in Count Four of the indictment?

Yes

No

G.  *ANSWER ONLY IF ANSWER TO F IS YES:*

Which of the following substances, if any, do you find that the government proved, beyond a reasonable doubt, were the subject of narcotics-related offenses engaged in by the defendant as part of the same course of conduct as the possession with intent to distribute charged in Count Four of the indictment?

_____Cocaine

_____Marijuana

H.  *ANSWER ONLY IF RESPONSE TO G INCLUDES COCAINE:*

Which of the following quantities, if any, do you find that the government proved, beyond a reasonable doubt, were the subject of narcotics-related offenses engaged in by the defendant as part of the same course of conduct as the possession with intent to distribute charged in Count Four of the indictment?

150  kilograms or more of cocaine

at least 50 kilograms but less than 150 kilograms of cocaine

at least 15 kilogram but less than 50 kilograms of cocaine

at least 5 kilograms but less than 15 kilograms of cocaine

at least 3.5 kilograms but less than 5 kilograms of cocaine

at least 2 kilograms but less than 3.5 kilograms of cocaine

at least 500 grams but less than 2 kilograms of cocaine

at least 400 grams but less than 500 grams of cocaine

at least 300 grams but less than 400 grams of cocaine

at least 200 grams but less than 300 grams of cocaine

at least 100 grams but less than 200 grams of cocaine

at least 50 grams but less than 100 grams of cocaine

at least 25 grams but less than 50 grams of cocaine

less than 25 grams of cocaine

I. *ANSWER ONLY IF RESPONSE TO G INCLUDES MARIJUANA:*

Which of the following quantities, if any, do you find that the government proved, beyond a reasonable doubt, were the subject of narcotics-related offenses engaged in by the defendant as part of the same course of conduct as the possession with intent to distribute charged in Count Three of the indictment? (NOTE: 1 kilogram equals approximately 2.2 pounds.)

at least 100 kilograms but less than 400 kilograms of marijuana

at least 80 kilograms but less than 100 kilograms of marijuana

at least 60 kilograms but less than 80 kilograms of marijuana

at least 40 kilograms but less than 60 kilograms of marijuana

at least 20 kilograms but less than 40 kilograms of marijuana

at least 10 kilograms but less than 20 kilograms of marijuana

at least 5 kilograms but less than 10 kilograms of marijuana

at least 2.5 kilograms but less than 5 kilograms of marijuana

at least 1 kilogram but less than 2.5 kilograms of marijuana

at least 250 grams but less than 1 kilogram of marijuana

at least 250 grams of marijuana

## AS TO COUNT FIVE

### (Illegal Reentry)

Only if you have found the defendant guilty of Count Five, please answer the following questions:

A. Do you find that the government proved, beyond a reasonable doubt, that the defendant obstructed or impeded the administration of justice during the course of the investigation or prosecution of the illegal reentry charged in Count Five of the indictment?

Yes

No

B. *ANSWER ONLY IF ANSWER TO A IS YES:*

Do you find that the government proved, beyond a reasonable doubt, that the defendant's obstructive conduct related to the illegal reentry charge in Count Five of the indictment?

Yes

No

Dated: Brooklyn New York

Jury Foreperson

A hurriedly startled perusal of that document and some observations regarding it, caused the government to submit a second Supplemental Verdict Sheet, considerably shorter that the first, which is hereby displayed as well:

DRA:RNR

F. # 2003R02094

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

against

KARL NEIL RAYMOND MEDAS,

Defendant.

03 CR 1048(ILG)

SUPPLEMENTAL VERDICT SHEET

1. Only if you have found the defendant guilty of Count One, please answer the following question:

Do you find that the government proved, beyond a reasonable doubt, that the defendant was an organizer, leader, manager or supervisor of the conspiracy to import charged in Count One of the indictment?

Yes

No

2. Only if you have found the defendant guilty of Count Two, please answer the following question:

Do you find that the government proved, beyond a reasonable doubt, that the defendant was an organizer, leader, manager or supervisor of the conspiracy to import charged in Count Two of the indictment?

Yes

No

3. Only if you have found the defendant guilty of Count Three, please answer the following question:

Do you find that the government proved, beyond a reasonable doubt, that the defendant was an organizer, leader, manager or supervisor of the conspiracy to import charged in Count Three of the indictment?

Yes

No

4. Only if you have found the defendant guilty of Count Four, please answer the following question:

Do you find that the government proved, beyond a reasonable doubt, that the defendant was an organizer, leader, manager or supervisor of the conspiracy to import charged in Count Four of the indictment?

Yes

No

5. If you have found the defendant guilty of any of Counts One, Two, Three or Four, please answer the following questions:

a. Do you find that the government proved, beyond a reasonable doubt, that the defendant engaged in narcotics-related offenses as part of the same course of conduct as the narcotics-related conduct charged in any of the counts of conviction?

Yes

No

b. If your answer to question a is yes, do you find that the government proved, beyond a reasonable doubt, that the defendant was an organizer or leader of the narcotics-related criminal conduct?

Yes

No

c. If your answer to a is yes and to b is no, do you find that the government proved, beyond a reasonable doubt, that the defendant was an manager or supervisor of the narcotics-related criminal conduct?

Yes

No

d. If the answer to question a is yes, which of the following substances, if any, do you find that the government

proved, beyond a reasonable doubt, were the subject of the same course of conduct as the conspiracy to import charged in any of the counts of conviction?

Cocaine

Marijuana

e. If you put a check next to cocaine, which of the following quantities, if any, do you find that the government proved, beyond a reasonable doubt, were the subject of the same course of conduct as the conspiracy to import charged in any of the counts of conviction?

150 kilograms or more of cocaine

at least 50 kilograms but less than 150 kilograms of cocaine

at least 15 kilogram but less than 50 kilograms of cocaine

at least 5 kilograms but less than 15 kilograms of cocaine

at least 3.5 kilograms but less than 5 kilograms of cocaine

at least 2 kilograms but less than 3.5 kilograms of cocaine

f. If you put a check next to cocaine, which of the following quantities, if any, do you find that the government proved, beyond a reasonable doubt, were the subject of the same course of conduct as the conspiracy to import charged in any of the counts of conviction?

at least 100 kilograms but less than 400 kilograms of marijuana

at least 80 kilograms but less than 100 kilograms of marijuana

6. Only if you have found the defendant guilty of Count Five, please answer the following question:

Do you find that the government proved, beyond a reasonable doubt, that the defendant obstructed or impeded the administration of justice during the course of the investigation or prosecution of the illegal reentry charged in Count Five of the indictment?

Yes

No

Dated: Brooklyn New York

2004

Jury Foreperson

This pre-Blakely indictment does not allege the enhancing sentencing factors the government now requests be submitted to the jury post-trial. No mention was made of those factors during the trial. There was no evidence adduced which would cause the jury to even think about whether the defendant was an organizer, leader, manager or supervisor, nor did the defendant have an opportunity, or indeed, a reason to address that issue. Considerable testimony was adduced from the cooperating witness about prior drug transactions he, together with the defendant, conducted. The jury was explicitly instructed that the testimony of those prior bad acts was not being received to prove the defendant's character or to prove that the conduct with which he is charged was in conformity with his past behavior. They were emphatically instructed that those bad acts were received merely for the purpose of attempting to prove his intent and knowledge pertaining to the crimes with which he was charged. Those prior bad acts were not alleged in the indictment. The undated prior transactions, the often vague and unspecified amounts of drugs involved in them were not sought to be developed with any specifity on the direct examination of the government's witness or by the defendant. There was no reason for a jury to believe that they would be called upon to make findings beyond a reasonable doubt regarding particular prior bad acts or regarding drug amounts involved in them. Having presumptively followed

the Court's instruction on the limited purpose for which evidence of those prior bad acts were received, they would now be asked to consider that evidence and find that it proved the defendant's guilt of the prior bad acts beyond a reasonable doubt without an understanding of the importance of those findings as sentencing enhancers. At the very least, the defendant should have the opportunity of testing the prior bad act testimony with a specific awareness of its importance for the liberty of his client and another mini-trial would be required as to those enhancing bad acts even if they were to be submitted to the jury as the government requests. Expansive instructions would have to be given on the applicable guidelines on the aggravating role of the defendant as an organizer or leader, or a manager or supervisor (but not an organizer or leader), and whether the participants being organized, managed, supervised or led were five or more, or less than five. U.S.S.G. § 3B1.1. Should the jury not be required to find beyond a reasonable doubt too, whether the defendant's role was a mitigating one, was his participation minor or minimal or somewhere in between? U.S.S.G. § 3B1.2. The significance of the Introductory Commentary to Part 3B of the Guidelines is not to be ignored. It directs that *"The determination of a defendant's role in the offense is to be made on the basis of all conduct within the scope of § 1B1.3 (Relevant Conduct), i.e., all conduct included under § 1B1.3(a)(1)-(4), and not solely on the basis of elements and acts cited in the count of conviction."* Following § 1B1.3 are 8 ½ pages of single spaced Commentary and Application Notes relevant portions of which would surely be necessary to include in the jury's instructions if their findings were to be reliably informed.

The foregoing observations drive me to conclude that to permit the jury to respond to the Supplemental Verdict Sheet after the trial has been concluded would be to deprive the defendant of his Sixth Amendment right to a jury trial of the sentencing enhancement factors the government seeks to impose, if the word "trial" is to have any real meaning at all in this context. Inattentive to Judge Learned Hand's admonition against making a fortress out of the dictionary, I have turned to the Oxford English Dictionary which defines "trial" as being "the action of testing or putting to the proof the truth, strength, or other quality of anything." Having presided over this trial, I can say with complete confidence that the truth, strength or quality of the sentencing enhancements have not been put to the proof.

The jury is still deliberating as this is being written. An acquittal would make this determination academic. A conviction would leave the sentence for a future time and I would be premature if not unwise to comment on them now.

For all of the foregoing reasons and for the reasons advanced by Judge Cassell in *United States v. Croxford* on the constitutional implications of *Blakely,* I decline to submit the government's requested Supplemental Verdict Sheet.

SO ORDERED.